UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

VERNETTA HUGGINS                                                **17-cv-**9740

                            Plaintiff,                          **COMPLAINT**

            -against-                                           **JURY DEMAND**

CITY OF NEW YORK AND JOHN
AND JANE DOES 1-3 (the names John
and Jane Does being fictitious as their
true names are presently unknown),

                            Defendants.
------------------------------------------------------------x

Plaintiff, by her attorneys, Law Office of Philip Akakwam, P.C., complaining of the

defendants, City of New York, and John and Jane Does 1-3, upon information and belief alleges

as follows:

### INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance,

regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the

Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States,

and by Title 42 U.S.C. § 1983 [and § 1985].

2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment and denial of

medical care to plaintiff and otherwise, for the violation of Plaintiff's federally guaranteed

constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in

order to serve the interest of justice and assure that her remedy is full and complete.

## JURISDICTION

3.  The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4.  Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts in question occurred in the County of Bronx, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6.  Plaintiff is a black female resident of the County of Kings and State of New York.

7.  The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Upon information and belief, defendants John and Jane Does 1-3" are New York City Police Officers employed with 46th Precinct located in Bronx County, New York who violated plaintiff's rights as described herein.

9.  The individual defendants are sued in their individual and official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.   On or about April 2, 2017, at approximately 2:00 p.m., defendant officers, acting in concert and without probable cause, assaulted and arrested plaintiff on Fordham Road, near its intersection with Valentine Avenue.

11. At the time and place aforementioned, plaintiff was walking on Fordham Road, a public street, carrying a shopping bag containing dresses she had just bought from a store, when suddenly she was approached by a male police officer who ordered her to step aside the corner of the street.

12. The officer asked plaintiff whether she was present at some location where gambling was being played on the street.

13. Plaintiff told the officer that she walked past a crowd down the street apparently watching something but she did not know what they were watching. Plaintiff also told him that she was walking down to the GAP store to buy shoes for her grandson.

14. As plaintiff was speaking with the officer, two more officers arrived and they ordered plaintiff to turn around.

15. And as plaintiff complied and turned around, the officers placed plaintiff in handcuffs.

16. The cuffs were made so tight that plaintiff complained to the officers that the cuffs were hurting her hand but they ignored her complaints.

17. The officers searched plaintiff there on the street, but they did not find anything illegal on the plaintiff.

18. The officers pulled plaintiff by the cuffs causing her to suffer cuts and bruises in her

3

hands and wrists. Plaintiff was bleeding from the wrists as a result of the officers pulling her by the cuffs.

19. Plaintiff was walked around a whole city block in handcuffs before being placed in a police vehicle by the defendant officers.

20. Thereafter, plaintiff was transported to the 46th Precinct where she was strip-searched, fingerprinted, photographed and detained in a cell.

21. Plaintiff explained to the officers about her medical condition, that she had recently had an open heart surgery, and that she needed to take certain medications twice a day.

22. Plaintiff was carrying the medications for her heart condition but she was made to surrender all the medications and other personal belongings before she was thrown into a cell.

23. As her detention continued, plaintiff started having chest pains and gasping for air because she had not been allowed to take her pressure medication.

24. At about 8:00 p.m., plaintiff was brought out of the cell by two officers who told her that they were going to take her to the Central Booking.

25. Plaintiff told the two officers that she needed to go to the hospital because she was gasping for air and had not been allowed to take her pressure medication and other medications that she needed to take for her heart condition.

26. The officers told plaintiff that because she was demanding to be taken to hospital, they were going to return her to the cell instead.

27. And the officers returned plaintiff to the cell without taking her to the hospital or giving her any medical attention.

28. While in the cell, plaintiff continued to have pains and to gasp for air; and she

4

continued to ask for medical attention but none was provided to her by the defendants.

29. Plaintiff remained in the cell at the precinct until about 4:00 a.m. the following morning when she was released without any charges and without being brought to any court.

30. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incident.

31. That each and every officer who responded to and/or was present at the location of plaintiff's arrest and/or at the precinct knew that plaintiff did not commit any crime, and each had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

32.  Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

33. Plaintiff suffered physical injuries, emotional distress, fear, humiliation, shock, embarrassment, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

34. Also, plaintiff suffered loss of property without due process, as her bag of new clothes and shoes was taken from her by defendants and was never returned to her.

35. Plaintiff suffered violations of her federally guaranteed constitutional and civil rights including rights guaranteed to her under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

36. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant officers in a collective manner and fashion.

37. Plaintiff has no other adequate remedy at law but for this action.

5

## AND AS FOR A FIRST CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

38. Plaintiff reiterates paragraphs 1 through 37 and incorporates such by reference herein.

39. By their conduct under color of law, defendant officers deprived plaintiff of her constitutional right to be free from false arrest and false imprisonment.

40. Consequently, plaintiff has been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

41. Plaintiff reiterates paragraphs 1 through 40 and incorporates such by reference herein.

42. During the arrest of plaintiff, defendant officers subjected plaintiff to use of excessive force by maliciously and gratuitously pulling her by the cuffs even though she was not resisting arrest, and by subjecting said plaintiff to excessively tight handcuffs.

43. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FAILURE TO INTERCEDE

44. Plaintiff reiterates paragraphs 1 through 43 and incorporates such by reference herein.

45. The defendant officers each had opportunities to intercede on behalf of plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

46. As a direct and proximate result of the misconduct detailed above, plaintiff sustained

the damage herein before stated.

### AND AS FOR A FOURTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

47. Plaintiff reiterates paragraphs 1 through 46 and incorporates such by reference herein.

48. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiffs' rights.

49. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

50. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

(a)     The determination of probable cause to make an arrest;

(b)     The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

(c)     The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

(d)     The very limited circumstances under which a warrantless search may be carried out.

(e)    The constitutional prohibition against racial profiling.

51. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. The City of New York had been accused of racial profiling on multiple occasions. And in *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and unreasonable stop, frisk, search and seizure.

52. Police officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests.

53. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

54. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

55. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damage.

### AND AS FOR A FIFTH CAUSE OF ACTION:
### NEW YORK STATE CONSTITUTION, ARTICLE 1, §§ 5, 6, 8, 11 & 12

56. Plaintiff reiterates paragraphs 1 through 55 and incorporates such by reference herein.

57. By arresting, assaulting and detaining plaintiff without probable cause or reasonable suspicion, the defendant officers deprived plaintiff of rights, remedies, privileges and immunities

guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

58. In addition, the defendant officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

59. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

60. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

61. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**AND AS FOR A SIXTH CAUSE OF ACTION:**
**TORTS - FALSE ARREST/IMPRISONMENT**

62. Plaintiff reiterates paragraphs 1 through 61 and incorporates such by reference herein.

63.     The conduct of the defendants, as described herein, amounted to false arrest and imprisonment.

64.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SEVENTH CAUSE OF ACTION:
### TORTS - ASSAULT AND BATTERY

65. Plaintiff reiterates paragraphs 1 through 64 and incorporates such by reference herein.

66.     By their conduct, as set forth above, defendant officers committed acts of battery against plaintiff which included violently pulling him out of his vehicle without cause. The use of physical force against plaintiff was willful, unwarranted, and excessive.

67.     The defendant City is responsible for the unnecessary force used by the defendant officers as set forth above because the misconduct occurred while they were acting in the scope of their employment, specifically in the course of arresting plaintiff.

68.     By reason of and as a consequence of the assault detailed above, plaintiff suffered physical and mental injuries.

69.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i.      For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii.     For punitive damages against the individual defendants in an amount to be determined at trial;

iii.     For reasonable attorneys' fees, together with costs and disbursements of this

action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv.     For pre-judgment interest as allowed by law; and

v.     For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
       December 12, 2017

                                    LAW OFFICE OF PHILIP AKAKWAM, P.C.

                         By:     _____/s/_____
                                 Philip Akakwam
                                 Attorney for the Plaintiff
                                 303 Livingston Street, 2nd Floor
                                 Brooklyn, N.Y. 11217
                                 (718) 858-2488

17-cv-9740

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERNETTA HUGGINS

                      Plaintiff

    -against-

CITY OF NEW YORK AND JOHN
AND JANE DOES 1-3 (the names John
and Jane Does being fictitious as their
true names are presently unknown),

                   Defendants.

# COMPLAINT

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

TO:

Service of a copy of the within is hereby admitted.

Dated: